UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61566

CIV-COHN

MAGISTRATE JUDGE

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
vs. )
)
ALEYDA M. BORGE, M.D., )
LEONZA HEALTH MANAGEMENT )
GROUP, INC., )
THAIZ PARRA, )
MODESTO MARQUEZ, and )
BEST OPTION CONSULTING, INC., )
)
    Defendants. )
_____)

**COMPLAINT FOR TEMPORARY RESTRAINING
ORDER, PRELIMINARY AND PERMANENT INJUNCTION, DAMAGES, PENALTIES
AND PRE/POST JUDGMENT REMEDIES**

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. This complaint is brought by the United States for a temporary restraining order, preliminary and permanent injunction and other equitable relief pursuant to 18 U.S.C. § 1345; for treble damages and civil penalties under the False Claims Act, as amended, 31 U.S.C. §§ 3729-3733; and for pre and post judgment remedies and other relief pursuant to the False Claims Act, as amended, 31 U.S.C. §§ 3729-3733; and for pre and post judgment remedies and other relief

pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3308. This court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1345, 31 U.S.C. § 3730 and § 1332(b), and pursuant to 28 U.S.C. § 1345.

2.  This court has personal jurisdiction over the defendants as the defendants were involved in a conspiracy to defraud the Medicare program through the submission of false claims, and were involved in the preparation and submission of false Medicare claims, or the causing of false claims to be submitted to Medicare, and venue is proper in this district under 28 U.S.C. §§1391(b) and 1391(c) and under 31 U.S.C. §3732(a).

## PARTIES

3.  ALEYDA M. BORGE, M.D., is a physician licensed to practice medicine in Florida. BORGE applied for and received a Medicare provider number, and was authorized to submit claims to the Medicare Program for payment.

4.  Defendant LEONZA HEALTH MANAGEMENT GROUP, INC. (LHMG), is a corporation organized and existing under the laws of Florida. LHMG's business address is listed as 6565 Taft Street, Suite 200, Hollywood, FL 33024.

5.  Defendant THAIZ PARRA is the owner, operator and sole corporate officer of LHMG.

6.  Defendant BEST OPTION CONSULTING, INC.(BOC), is a corporation organized and existing under the laws of Florida. BOC's business address is listed as 3320 SW 88th Court, Miami, FL 33165.

7.  Defendant MODESTO MARQUEZ is the owner, operator and sole corporate officer of BOC.

## THE MEDICARE PROGRAM

8.  The Medicare program is a federal health insurance program for the elderly and disabled. The United States Department of Health and Human Services ("HHS") is responsible for the administration of the Medicare program. The Centers for Medicare and Medicaid Services ("CMS") is the component agency of HHS that administers and supervises the Medicare Program. CMS has contracted with First Coast Service Options to receive, adjudicate, process and pay certain claims submitted to it by Medicare beneficiaries and providers of medical services in the state of Florida.

9.  Part B of the Medicare program is a medical insurance program that pays providers and suppliers, with the exception of inpatient healthcare facilities, directly for goods and services. Claims processing and payment for Medicare Part B claims is done by First Coast Service Options ("FCSO").

10. Medicare covers the costs of certain medically necessary clinical treatments and medications provided that the services/medications are ordered or prescribed by a physician who certifies that these services/medications are medically necessary for the treatment of the patient. The order/prescription must be personally signed and dated by the Medicare beneficiary's treating physician. Although the provider is not required to submit supporting documentation relating to the claim, such as original prescriptions or treatment notes, the clinic must maintain such documentation as part of the patient medical record at the facility for at least 5 years pursuant to Medicare regulations.

11.     In order to bill the Medicare program for services purportedly rendered, a Medicare Part B providers submits claims on a Form 1500 (claim form) to FCSO.  When a Form 1500 is submitted, the submitting provider certifies that the contents of the form are true, correct, complete, and that the form was prepared in compliance with the laws and regulations governing the Medicare Program.  Medicare providers in Florida either file claims directly with FCSO, or contract with a billing service who files the Medicare claims on behalf of the provider.

12.     To receive payment from Medicare, Part B providers are required to include on the claim form the dates of the services provided, the diagnoses of the conditions requiring the services, and the procedures performed.

13.     To aid in processing and adjudicating of submitted claims, Part B providers were required to use standardized codes to describe the pertinent diagnoses and the procedures for which payment was sought.  With respect to diagnoses, providers were required to use the codes established in the International Classification of Diseases Manual ("ICD-9 CM").  With respect to procedures for which payment was sought, providers were required to use the codes established in the Physicians' Current Procedural Terminology code book ("CPT") and the Health Care Financing Administration Common Procedural Coding System book ("HCPCS").

## FALSE CLAIMS

14.     In general, the defendants' scheme to defraud Medicare involves the submission of false and fraudulent claims using two billing codes (HCPCS codes) - J0800 and J1550.  J0800 is the billing code used by Medicare to pay for an injection of up to 40 units of Acthar ACTH (corticotropin).  J1550 in the billing code used by Medicare to pay for an injection of 10 cc

increments of gamma globulin.

15. As part of the scheme, the defendants formed and opened defendant LHMG. LHMG is an unlicensed medical clinic located in Hollywood, Florida.

16. To further the scheme, the defendants paid kickbacks to some or all Medicare beneficiaries to bribe them into coming to LHMG to receive injection therapy.

17. The defendants gave some Medicare beneficiaries single injections of corticotropin or gamma globulin, but submited claims to Medicare through defendant BORGE for much greater quantities than actually provided.

18. Additionally, the defendants submitted claims to Medicare through defendant BORGE for corticotropin or gamma globulin injections when they actually only provided vitamin B-12 injections, or when they provided no injection at all.

19. As a result of the scheme, between October 2004 and June 2005, defendant ALEYDA M. BORGE, M.D., in concert with defendants THAIZ PARRA, LEONZA HEALTH MANAGEMENT GROUP, INC., MODESTO MARQUEZ, and BEST OPTION CONSULTING, INC., submitted in excess of $7.5 million in non-reimbursable claims to the Medicare program under procedural billing codes J0800 and J1550. As a result of the false and fraudulent claims, the defendants received in excess of $3 million of Medicare Program funds the they were not untitled to.

20. The Medicare payments were issued in check form payable to defendant BORGE. These payment checks were deposited into defendant LHMG's bank account. The Medicare payment money was then quickly "laundered" and dissipated, or is in the process of dissipation.

A significant portion of money paid by Medicare was laundered through a series of sham payments to defendant BOC, which is a shell company owned and operated by defendant MARQUEZ.

## PATIENT INTERVIEWS

21. Interviews have been conducted of five Medicare beneficiaries for whom BORGE submitted claims for injection therapy. Each of these interviews reveal that false claims were submitted by the defendants for services not rendered. Examples of the non-rendered services reveled during the interviews were: claims for services at a location which the beneficiary never visited or did not visit on the alleged date of service; billing of intramuscular injections when intravenous infusion treatment was received; and billing of amounts of medication which are medically impossible to provide via the method described by the billing code and inconsistent with the single injection described by the patient. Additionally, LHMG made kickback payments to beneficiaries for receiving treatment at LHMG. In excess of $1 million of Medicare payments were made to the defendants based upon claims submitted for these five beneficiaries. Based upon the interviews, the overwhelming majority, if not all, of the claims submitted were false and fraudulent.

## DISSIPATION OF ASSETS

22. During the period of December 28, 2004, through June 23, 2005, over $2.7 million in checks issued to defendant BORGE by Medicare were deposited into LHMG's account at Bank Atlantic. From this account, the majority of the deposited funds were withdrawn through the issuance of checks in large amounts made payable to defendant Thaiz PARRA and

her family members, defendant BORGE, and defendant BOC. The majority of the remaining deposited Medicare payments in the account have either been dissipated through the issuance of checks to other payees, or through account transfers. As of September 13, 2005, there was only $26,027 left in the LHMG account. According to Medicare, approximately $272,000 in additional Medicare funds are about to be paid to defendant BORGE.

## COUNT I
## INJUNCTIVE RELIEF

23.     The United States realleges and incorporates by reference paragraphs 1 through 22 of this complaint as though fully set forth herein.

24.     Defendants ALEYDA M. BORGE, M.D., THAIZ PARRA, LEONZA HEALTH MANAGEMENT GROUP, INC., MODESTO MARQUEZ, and BEST OPTION CONSULTING, INC., conspired to present, presented or caused to be presented false and fraudulent claims upon the United States in violation of 18 U.S.C. § 287, 18 U.S.C. § 371, and/or 18 U.S.C. §1001.

25.     Additionally, defendants ALEYDA M. BORGE, M.D., THAIZ PARRA, LEONZA HEALTH MANAGEMENT GROUP, INC., MODESTO MARQUEZ, and BEST OPTION CONSULTING, INC., conspired to commit, and committed Federal health care offenses, as defined in 18 U.S.C. § 24, by presenting or causing to be presented false, fictitious and fraudulent claims to the United States. Defendants' false claims to the United States constitute violations of 18 U.S.C. § 1035, False Statements Relating to Health Care Matters, and 18 U.S.C. § 1347, Health Care Fraud as well as violations of 18 U.S.C. § 287, 18 U.S.C. § 371,

and 18 U.S.C. §1001.

26. Defendant BEST OPTIONS CONSULTING, INC., was used as a vehicle to launder the proceeds of the fraud scheme.

27. Defendants' fraud upon the United States constitutes a substantial injury to the United States and its citizens.

28. The United States brings this action to protect Medicare funds by restraining defendants' unlawful fraudulent conduct and to protect and restrain the transfer of funds and assets now in defendants' hands as ill-gotten gains from their fraud upon the Medicare program.

29. Upon a showing that defendants are violating 18 U.S.C. § 287, 18 U.S.C. § 371, 18 U.S.C. §1001, or are committing a Federal health care offense, the United States is entitled, under 18 U.S.C. §1345, to a temporary restraining order, a preliminary injunction, and a permanent injunction, restraining all future fraudulent conduct and any other action which this Court deems just in order to prevent a continuing and substantial injury to the United States. The United States is also entitled to an injunction to bar the defendants from alienating, disposing, withdrawing, transferring, removing or dissipating any property obtained as a result of a Federal health care offense, property traceable to such violation or property of equivalent value.

## COUNT II
### FALSE CLAIMS ACT CONSPIRACY
### 31 U.S.C. §§ 3729-3733

30. The United States realleges and incorporates by reference paragraphs 1 through 22 of this complaint as though fully set forth herein.

31. This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. §§ 3729-3733, against the defendants for conspiring to defraud the United States of America through getting false or fraudulent claims to the Medicare program paid.

32. Between October 2004 and June 2005, the defendants ALEYDA M. BORGE, M.D., THAIZ PARRA, LEONZA HEALTH MANAGEMENT GROUP, INC., MODESTO MARQUEZ, and BEST OPTION CONSULTING, INC., conspired, confederated and agreed with one another to defraud the United States of America by getting false or fraudulent claims to the Medicare program paid.

33. By virtue of the conspiracy to submit false claims entered into by the defendants, plaintiff United States is entitled to three times the amount by which it was damaged, to be determined at trial, plus a civil penalty of not less than $5,500 and not more than $11,000 for each false claim presented or caused to be presented.

**COUNT III**
**FALSE CLAIMS ACT**
**31 U.S.C. §§ 3729-3733**

34. The United States realleges and incorporates by reference paragraphs 1 through 22 of this complaint as though fully set forth herein.

35. This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. §§ 3729-3733, against the defendants for knowingly presenting or causing to be presented, false or fraudulent claims to the United States.

36. Between October 2004 and June 2005, the defendants ALEYDA M. BORGE, M.D., THAIZ PARRA, LEONZA HEALTH MANAGEMENT GROUP, INC., MODESTO MARQUEZ, and BEST OPTION CONSULTING, INC., presented or caused to be presented claims for payment to the United States knowing such claims were false, fictitious, or fraudulent, or with reckless disregard or deliberate ignorance of the truth or falsity of the claims.

37. By virtue of the false, fraudulent, and fictitious claims presented or caused to be presented by the defendants, and the conspiracy to submit false claims entered into by the defendants, plaintiff United States is entitled to three times the amount by which it was damaged, to be determined at trial, plus a civil penalty of not less than $5,500 and not more than $11,000 for each false claim presented or caused to be presented.

## COUNT IV
## FEDERAL DEBT COLLECTION PROCEDURES ACT
### 28 U.S.C. §§ 3001-3301

38. The United States realleges and incorporates by reference paragraphs 1 through 22 of this complaint as though fully set forth herein.

39. This is a claim for pre and post judgment remedies to recover a judgment on a debt and to obtain, before judgment on a claim for a debt, certain pre-judgment discovery and remedies in connection with such claim.

40. Between October 2004 and June 2005, defendants ALEYDA M. BORGE, M.D., THAIZ PARRA, LEONZA HEALTH MANAGEMENT GROUP, INC., MODESTO MARQUEZ, and BEST OPTION CONSULTING, INC., conspired to present, and presented or

10

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET     05-61566

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
United States of America

**DEFENDANTS**   CIV-COHN
ALEYDA M. BORGES, M.D., LEONZA HEALTH MANAGEMENT GROUP, INC., THAIZ PARRA, MODESTO MARQUEZ, and BEST OPTION CONSULTING, INC.

MAGISTRATE JUDGE
SNOW

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Robert N. Nicholson, AUSA
500 E. Broward Blvd., Ste. 700
Fort Lauderdale, FL 33394

ATTORNEYS (IF KNOWN)

0 05cv61566 JIC/LSS

**(d) CHECK COUNTY WHERE ACTION AROSE:** ☐ DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 U.S. Government Plaintiff
☐ 2 U.S Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☑ Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A  CONTRACT | A  TORTS | | FORFEITURE/PENALTY | A  BANKRUPTCY | A  OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | B☐ 640 R R & Truck | A  **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | A  **LABOR** | B  **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A  **REAL PROPERTY** | A  **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS - Third Party 26 USC 7609 | B☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | A☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

FRAUD INJUNCTION PURSUANT TO 18 USC §1345, AND CIVIL FALSE CLAIMS ACTION PURSUANT TO 31 USC § 3727-3733

LENGTH OF TRIAL
via  10  days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  7/20/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

This form was electronically produced by Elite Federal Forms, Inc.