

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-61566-CIV-COHN/SELTZER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALEYDA BORGE, M.D.; LEONZA
HEALTH MANAGEMENT GROUP,
INC.; et al.,

    Defendants.
_____/

## ORDER DENYING CLAIMANT GUSTAVO BORGE'S MOTION TO INTERVENE

**THIS CAUSE** is before the Court upon Claimant Gustavo Borge's Motion to Intervene [DE 91]. The Court has considered the Motion, the Government's Response [DE 93], Borge's Reply [DE 96], Borge's Proposed Answer and Affirmative Defenses [DE 96-2], the Government's Surreply [DE 99], and the record, and is otherwise fully advised in the premises.

In this Motion, Mr. Borge seeks to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a), which provides as follows:

> **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"A party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) his application to intervene is timely; (2) he has an interest relating to the property or

transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989). The Movant bears the burden of establishing his purported right to intervene. In re Healthsouth Corp. Ins. Litig., 219 F.R.D. 688, 691 (N.D. Ala. 2004) (citing United States v. Texas E. Transmission Corp., 923 F.2d 410, 413 (5th Cir. 1991)).

The Court must first consider the timeliness of Borge's motion to intervene, as timeliness is a threshold factor that must be satisfied before the other factors are considered. See NAACP v. New York, 413 U.S. 345, 365 (1973). In analyzing the timeliness of the motion, the Court must consider the chronology leading up to the motion, as well as the following factors:

(1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene;

(2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest;

(3) the extent of prejudice to the would-be intervenor if his petition is denied; and

(4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

United States v. Jefferson County, 720 F.2d 1511, 1516 (11th Cir. 1983).

The Complaint in this action was originally filed on September 26, 2005 [DE 1]. A temporary restraining order was entered on September 26, 2005 [DE 15], with a subsequent preliminary injunction entered on October 11, 2005 [DE 25], against bank

accounts belonging to Dr. Aleyda M. Borge, a Defendant in this action, and Gustavo Borge, her husband. Dr. Borge was subsequently indicted for the same alleged conduct (Case No. 06-60167-CR-COHN), and on August 3, 2006, the instant civil action was stayed pending trial and disposition in the criminal case [DE 81]. The stay was lifted on October 16, 2007 [DE 82], following Dr. Borge's acquittal in the criminal case, and the case was re-set for trial [DE 86]. Mr. Borge filed his Motion to Intervene on January 11, 2008 [DE 91].

1.   **Length of Time**

The first factor to be considered in evaluating the timeliness of a motion to intervene is the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene. Mr. Borge concedes that he was aware of his interests in the restrained bank accounts on or about September 26, 2005, when the accounts were first restrained. (Movant's Reply, p. 2 [DE 96].) However, Mr. Borge contends that he was not aware that he had rights regarding the civil litigation against his wife until he consulted with an attorney in or around late December 2007. (Id. at 2-3.) The test, however, is not the length of time Mr. Borge actually knew of and understood his legal rights, as they pertain to the case, but rather encompasses the length of time during which he "reasonably should have known of his interest in the case." Given that Mr. Borge was aware that the joint accounts were restrained as of September 2005, the Court concludes that he reasonably should have known of his interest in the instant civil case since that time, or shortly thereafter.

Thus, considering the chronology of the case, the total amount of time that

3

elapsed between that time and the filing of the instant Motion is over two years, although the case was stayed for roughly a year of that time. However, the case was pending and proceeding through discovery for nearly a year prior to the stay without any effort on the part of Mr. Borge to intervene. This factor, accordingly, weighs strongly against allowing Mr. Borge to intervene at this time.

### 2. Prejudice to Existing Parties

The second factor to be considered in evaluating the timeliness of a motion to intervene is the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest. The prejudice to the Government of allowing Mr. Borge's intervention at this stage in the litigation is clear: the fact discovery cut-off is fast approaching, and the matter is set for trial in May 2008. Discovery was also conducted during the period of the litigation prior to the stay, without any consideration of the need for discovery as to Mr. Borge's proposed interests in the litigation that are now asserted. This factor, accordingly, weighs against allowing Mr. Borge to intervene at this late stage in the litigation.

### 3. Prejudice to Would-Be Intervenor

The third factor to be considered in evaluating the timeliness of a motion to intervene is the extent of prejudice to the would-be intervenor if his petition is denied. Courts have noted that "the thrust of this inquiry must be the extent to which a final judgment in the case may bind the movant even though he is not adequately represented by an existing party." Jefferson County, 720 F.2d at 1517 (*analyzing*

Stallworth v. Monsanto Co., 558 F.2d 257 (5th Cir. 1977)).

Mr. Borge asserts that the prejudice to him will be substantial if his Motion is denied, as he will not be able to defend property that he has acquired over a substantial portion of his life, including proceeds from the sale of a vacant piece of land sold by the Borges in December 2004, which he argues, predate the fraud alleged against Dr. Borge. (Movant's Reply, p. 3 [DE 96].) However, although asserting that Dr. Borge will be unable to adequately represent Mr. Borge's interests in the restrained accounts, Mr. Borge does not explain why Dr. Borge would not be able to present arguments regarding the origin and ownership of the funds in the restrained accounts. Although Mr. Borge may assert his non-involvement with the alleged fraud as an affirmative defense to any claims against him, where his wife may not, the Court does not see the strong prejudice asserted here where Dr. Borge may raise the issues regarding ownership and origin of the funds in the joint accounts herself. No claims have been asserted against Mr. Borge, and so he need not raise any affirmative defenses at all. Rather, the ownership and origin of the funds in the joint accounts are at issue, and Dr. Borge is equally situated to raise these arguments. In light of this fact, the Court sees no strong prejudice to Mr. Borge that would outweigh the length of his delay in asserting his rights and the prejudice to the Government that would result from allowing him to intervene at this time.

4.     **Unusual Circumstances**

The final factor to be considered in evaluating the timeliness of a motion to intervene is the existence of unusual circumstances militating either for or against a determination that the application is timely. Here, Mr. Borge argues that both he and

5

Dr. Borge were "entirely consumed with Dr. Borge's criminal case," and that until Dr. Borge was acquitted, Mr. Borge's "entire focus had been on his wife's criminal case and caring for his minor son." (Movant's Reply, p. 4 [DE 96].) Though the Court does not doubt that a substantial portion of Mr. Borge's energies were expended in dealing with his wife's criminal case, it is significant to note that the indictment in that criminal case was handed down in June 2006. By that time, the civil case had been pending for some eight months, with considerable activity.[1] In light of the timing of the civil and criminal cases, the Court cannot conclude that Mr. Borge's decision to focus his energies on his wife's criminal case is a relevant factor to consider in evaluating the timeliness of his Motion to Intervene. Accordingly, this factor weighs neither for nor against allowing Mr. Borge to intervene at this time.

Having considered all the factors set out in <u>Jefferson County</u>, the Court concludes that Mr. Borge's Motion to Intervene is untimely. The long delay in filing the Motion combined with the prejudice to the Government that will surely result from allowing intervention at this late stage outweigh any prejudice that Mr. Borge may suffer in not being permitted to intervene. Because the Court concludes that Mr. Borge's Motion is untimely, intervention must be denied. <u>See</u> <u>NAACP v. New York</u>, 413 U.S. 345, 365 (1973). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Claimant Gustavo Borge's Motion to Intervene [DE 91] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

---

[1] The docket sheet in the civil case shows seventy-eight docket entries through May 2006.

Florida on this \_\_4th\_\_ day of March, 2008.

　　　　　　　　　　　　　　　　　　／s／ James I. Cohn
　　　　　　　　　　　　　　　　　　JAMES I. COHN
　　　　　　　　　　　　　　　　　　United States District Court

Copies provided to:

Counsel of record